UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUDITH JONES, | ) | CASE NO. 1:08 CV 2729 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CLEVELAND METROPOLITAN | ) | AND ORDER |
| SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

On November 19, 2008 pro se plaintiff Judith Jones filed the above-captioned in forma pauperis action against the Cleveland Municipal School District. She does not state a basis for this court's jurisdiction or what relief she is seeking from the court.

*Facts*

Ms. Jones's one page complaint provides scant facts. She was employed by the defendant for seven years. Last year, she was terminated from her position because she was convicted of a felony in 2000. The defendant was allegedly aware of this conviction for some time, and Ms. Jones believed she was entitled to work for the District despite the conviction. She adds that another employee was allegedly fired for the same reason, but was rehired two months before

Ms. Jones filed her complaint in this court.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Ms. Jones does not state a basis upon which she believes this court has jurisdiction

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

over her claims. Even liberally construed, the facts fail to suggest a federal claim. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). Even liberally construed, the complaint does not contain allegations reasonably suggesting Ms. Jones might have a valid federal claim.

Based on the foregoing, plaintiff is granted leave to proceed in forma pauperis and this action is dismissed pursuant to §1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 26, 2009            *s/      James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE